UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ALTAIR LOGIX LLC,<br><br>Plaintiff,<br><br>v.<br><br>ASUS COMPUTER INTERNATIONAL,<br><br>Defendant. | Case No. 18-cv-04985-HSG<br><br>**ORDER DENYING MOTION TO DISMISS**<br><br>Re: Dkt. No. 22 |

Pending before the Court is Defendant Asus Computer International's ("Asus") motion to dismiss the complaint brought against it by Altair Logix, LLC ("Altair"). *See* Dkt. No. 22. For the following reasons, the Court **DENIES** the motion to dismiss.[1]

## I. BACKGROUND

### A. Procedural History

Altair filed a complaint on August 15, 2018, alleging one count of patent infringement against Asus. *See* Complaint ("Compl."), Dkt. No. 1. Asus filed a motion to dismiss on November 13. *See* Motion to Dismiss ("Mot."), Dkt. No. 22. Altair filed an opposition on December 11, *see* Opposition ("Opp."), Dkt. No. 34, to which Asus replied on December 18, *see* Reply, Dkt. No. 36.

### B. Factual Allegations

The United States Patent and Trademark Office issued Patent No. 6,289,434 (the "'434 Patent") on September 11, 2001. *See* Compl. ¶ 9; *see also* Compl. Ex. A (patent). The application leading to the '434 Patent was filed on February 27, 1998. *See* Compl. ¶ 9. Altair "is the assignee of all right, title and interest" in the '434 Patent. *Id.* ¶ 11.

---

[1] The Court finds this matter appropriate for disposition without oral argument and the matter is deemed submitted. *See* Civil L.R. 7-1(b).

The '434 Patent is for an "Apparatus and Method of Implementing Systems on Silicon Using Dynamic-Adaptive Run-Time Reconfigurable Circuits for Processing Multiple, Independent Data and Control Streams of Varying Rates." *See id.* ¶ 9. This invention "relates to the field of runtime reconfigurable dynamic-adaptive digital circuits which can implement a myriad of digital processing functions related to systems control, digital signal processing, communications, image processing, speech and voice recognition or synthesis, three-dimensional graphics rendering, and video processing." *Id.* ¶ 12.

Asus "has been directly infringing claims" of the '434 Patent by "making, using, selling, and offering for sale an apparatus for processing data for media processing that satisfies each and every limitation of at least claim 1." *Id.* ¶ 26. This includes, without limitation, the "Asus Transformer Pad TF701T." *Id.*

Altair "has been damaged" by Asus's "infringing conduct." *Id.* ¶ 36. Therefore, Asus is "liable to [Altair] for damages in an amount that adequately compensates" it for the infringement of the '434 Patent. *Id.*

Asus "has had at least constructive notice of the '434 [P]atent by operation of law, and there are no marking requirements that have not been complied with." *Id.* ¶ 37.

## II. LEGAL STANDARD

Federal Rule of Civil Procedure 8(a) requires that a complaint contain "a short and plain statement of the claim showing that the pleader is entitled to relief[.]" A defendant may move to dismiss a complaint for failing to state a claim upon which relief can be granted under Federal Rule of Civil Procedure 12(b)(6). "Dismissal under Rule 12(b)(6) is appropriate only where the complaint lacks a cognizable legal theory or sufficient facts to support a cognizable legal theory." *Mendiondo v. Centinela Hosp. Med. Ctr.*, 521 F.3d 1097, 1104 (9th Cir. 2008). To survive a Rule 12(b)(6) motion, a plaintiff must plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). A claim is facially plausible when a plaintiff pleads "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). In reviewing the plausibility of a complaint, courts "accept factual allegations in the complaint as

true and construe the pleadings in the light most favorable to the nonmoving party." *Manzarek v. St. Paul Fire & Marine Ins. Co.*, 519 F.3d 1025, 1031 (9th Cir. 2008). Nonetheless, Courts do not "accept as true allegations that are merely conclusory, unwarranted deductions of fact, or unreasonable inferences." *In re Gilead Scis. Sec. Litig.*, 536 F.3d 1049, 1055 (9th Cir. 2008).

If dismissal is appropriate under Rule 12(b)(6), a court "should grant leave to amend even if no request to amend the pleading was made, unless it determines that the pleading could not possibly be cured by the allegation of other facts." *Lopez v. Smith*, 203 F.3d 1122, 1130 (9th Cir. 2000) (quotation marks and citation omitted).

## III. DISCUSSION

Asus contends that Altair's complaint should be dismissed with prejudice because Altair has failed to plead facts supporting actual or constructive notice. *See* Mot. at 3.

### A. Marking Requirement

Patentees "may give notice to the public that the" patented article "is patented" by marking the article with the patent number. *See* 35 U.S.C. § 287(a). If "a patentee does not appropriately mark her products, she may not recover damages for infringement occurring before notice to the infringer." *Power Integrations, Inc. v. Fairchild Semiconductor Int'l, Inc.*, 711 F.3d 1348, 1378 (Fed. Cir. 2013) (citing 35 U.S.C. § 287(a)). Filing an infringement action constitutes notice of infringement. 35 U.S.C. § 287(a). The marking requirement applies only to apparatus claims, and not to process claims. *Crown Packaging Tech., Inc. v. Rexam Beverage Can Co.*, 559 F.3d 1308, 1316 (Fed. Cir. 2009). Further, there is no damages limitation for failure to mark "where there are no products to mark." *Texas Digital Sys., Inc. v. Telegenix, Inc.*, 308 F.3d 1193, 1220 (Fed. Cir. 2002) (citing *Wine Ry. Appliance Co. v. Enter. Ry. Equip. Co.*, 297 U.S. 387, 395 (1936) ("Two kinds of notice are specified—one to the public by a visible mark, another by actual advice to the infringer. The second becomes necessary only when the first has not been given; and the first can only be given in connection with some fabricated article. Penalty for failure implies opportunity to perform.")).

An alleged infringer challenging a patentee's compliance with Section 287 "bears an initial burden of production to articulate the products it believes are unmarked 'patented articles' subject

3

to § 287." *Arctic Cat Inc. v. Bombardier Recreational Prod. Inc.*, 876 F.3d 1350, 1368 (Fed. Cir. 2017). This is a "low bar" which only requires the alleged infringer to "put the patentee on notice that he or his authorized licensees sold specific unmarked products which the alleged infringer believes practice the patent." *Id.* However, "the patentee bears the burden of pleading and proving he complied with § 287(a)'s marking requirement." *Id.* at 1366. The ultimate burden rests on the patentee because "[w]hether a patentee's articles have been marked 'is a matter peculiarly within his own knowledge.'" *Id.* (quoting *Dunlap v. Schofield*, 152 U.S. 244, 248 (1894)). Whether the patentee complied with the marking requirement "is a question of fact." *Arctic Cat*, 876 F.3d at 1366. Though a "patentee's licensees must also comply with § 287," courts recognize the difficulties "where third parties are involved" and apply a "rule of reason" inquiry into "whether the patentee made reasonable efforts to ensure compliance with the marking requirements." *Id.*

### B. Altair's Pleadings

The '434 Patent was valid for 20 years from the filing date, meaning that it expired on February 27, 2018. *See* 35 U.S.C. § 154(a)(2). Because Altair did not bring suit until after the patent had expired, it is entitled to relief only if it can ultimately establish notice of infringement prior to the patent's expiration date. Here, Altair would need to prove either that it satisfied the marking requirement or that neither it nor any of its licensees ever made a product which needed to be marked.

Asus contends that the Complaint "is devoid of any factual allegations concerning compliance with the marking provisions" of the statute. Mot. at 7. It points to "the bare legal conclusion" in Altair's Complaint, which alleges that Asus "has had at least constructive notice" of the '434 Patent and that "there are no marking requirements that have not been complied with." *Id.* (quoting Compl. ¶ 37).

Altair's allegations related to the marking requirement are, as Asus points out, rather conclusory. But that does not make Altair's complaint deficient as a matter of law. There is nothing in the Complaint to suggest that Altair or a licensee practiced the '434 Patent. And if the '434 Patent was not practiced, then there is no marking requirement. *See Texas Digital Sys.*, 308

4

F.3d at 1220. Further, it is Asus, not Altair, that "bears an initial burden of production to articulate the products it believes are unmarked 'patented articles' subject to § 287." *See Arctic Cat*, 876 F.3d at 1368.[2] Of course, if Asus is able to satisfy this "low bar," then it will be up to Altair to prove compliance with the marking requirement. *See id.* at 1366, 1368.

Based on the pleadings, Altair has not failed to state a claim upon which relief can be granted.[3]

## IV. CONCLUSION

For the foregoing reasons, the Court **DENIES** Asus's motion to dismiss.

**IT IS SO ORDERED.**

Dated: 3/11/2019

HAYWOOD S. GILLIAM, JR.
United States District Judge

---

[2] Asus protests in its Reply that because the "Complaint is devoid of any factual allegations," numerous questions are raised: "What products were marked? Who marked them? How long were they marked?" But Federal Circuit precedent is clear that it is Asus that bears the initial burden of producing answers to these questions. *See Arctic Cat*, 876 F.3d at 1368.

[3] The motion papers are filled with materials outside of the pleadings. *See* Mot. at 4–5; Opp. at 3–4, 7–10; Reply at 4–5, 7–9. Absent a request for judicial notice or incorporation by reference, the Court "may look only at the face of the complaint to decide a motion to dismiss." *Van Buskirk v. Cable News Network, Inc.*, 284 F.3d 977, 980 (9th Cir. 2002). Consistent with the motion to dismiss standard, the Court did not consider the extrinsic information contained in the party's moving papers.

5